Moss, Judge,
delivered the opinion of the court:
This action was instituted for the recovery of the contract price of certain articles of furniture furnished and delivered by plaintiff on the order of the authorized representative of the Government, amounting to the sum of $614.55.
The defendant interposed herein a counterclaim based upon the following transaction:
By contract dated September 14, 1917, executed on behalf of the Government by A. G. Downey, captain, Signal Corps, United States Reserves, and on behalf of plaintiff company by Charles W. Brown, president, and C. R. Montgomery, secretary, of said company, plaintiff undertook to furnish the Government with optical glass and certain plant equipment fully specified and described in an order attached to and by express terms made a part of the contract. Said contract contained a provision giving authority to the Government to cancel the same, which reads as follows:
“Article Y. To cancel the contract as to the undelivered and unaccepted portion of the product, upon giving written notice to the party of the second part; and the party of the second part shall be entitled to receive payment for only such glass as shall have been accepted and such apparatus mentioned in attached order as shall have been installed, and, upon being called upon by the party of the first part so to do, shall deliver to the first party, f. o. b. second party’s works, the said apparatus or the salvage thereof.”
On January 16, 1919, plaintiff was notified by the Government to discontinue production under said contract.
Following negotiations looking to a discharge of the Government’s obligations to plaintiff growing out of its cancellation of said contract, and under date of March 18, 1919, a contract, which will hereinafter be referred to as the settlement contract, was entered into between plaintiff and the United States, repres'ented by F. D. Schnacke, captain, *259 A. S. A. P., United States Army, by which plaintiff, in consideration of. the payment of $18,498.66 and certain other items mentioned- in said contract, released and discharged the Government from all obligations under the original contract. This amount was paid plaintiff in May, 1919. Plaintiff filed a demurrer, to said counterclaim.
It is the contention of the Government that the payment made was in excess of the amount actually due plaintiff in the sum of $7,121.14, and was therefore “ beyond the authority of the officers making such payment.” The settlement contract was attached as an exhibit and made a part of the counterclaim.
It is recited in said settlement contract that “ it is in the interest of the Government to terminate said original contract as herein provided; and whereas the contractor, in pursuance of the original contract, has incurred expenses and obligations for the purpose of furnishing and delivering articles or work remaining undelivered under said original contract and is relinquishing prospective profits on the un-executed portion thereof: Now, therefore, in consideration of ,the premises and of the mutual covenants herein contained, the parties hereto agree as follows.” The contract then set forth in minute detail the terms of the settlement, and provided in Article IV thereof that—
“ The Government shall pay to the contractor the sum of eighteen thousand four hundred ninety-eight dollars and sixty-six cents ($18,498.66), which sum, together with payment for the finished articles or work (other than the finished articles or work specified for delivery to the Government herein identified in said Schedule A), delivered to and accepted by the Government on or before the execution of this contract and not yet paid for, shall constitute full and final compensation for articles or work delivered, services rendered, expenditures and obligations incurred under the original contract and this contract.”
By Article Y of said settlement contract plaintiff agreed to “ remise, release, and forever discharge the Government of and from all and all manner of debts, dues, sums of: money, accounts, reckonings, claims, and demands whatsoever due or to become due in law or in equity, under or by *260 reason of, or arising ont of, the original contract, except the sums herein agreed to be paid.”
This contract was signed by plaintiff and by Captain F. D. Schnacke, acting in his official capacity, and was duly approved by the claims board for the Air Service, without which approval the contract, as provided in its terms, was not to become a valid and binding obligation of the Government.
There is no charge of either actual fraud nor of such gross mistake as would impute fraud in the compromis'e settlement; nor is there any question raised as to the general authority of the officers of the Government parties to the settlement contract to effect a settlement in a controversy of this character. It is contended merely that the payment made to plaintiff was in excess of the amount actually due, and was .therefore “beyond the authority of the officers making such payment.”
The settlement contract shows on its face that it was intended to be and was in fact a mutual settlement of conflicting claims and obligations.
It is deemed worthy of notice that, so far as this record discloses, no claim was ever made by the Government and no action taken, looking to the recovery of the alleged overpayment made in May, 1919, until the filing of the counterclaim herein, June 2, 1926.
The cases cited by the Government in support of the general principle of law, to the effect that the Government may recover back any payment made by its officers in excess of its actual liability, would seem to have no application to this case which involves a compromise settlement of conflicting claims, effected by representatives of the Government having authority to make some character of settlement, with no charge of fraud nor of such gross mistake as might impute fraud, and in which the amount agreed upon was voluntarily paid by the Government.
It is the opinion of the court that the settlement contract involved herein is binding upon both parties. At any rate, the Government can not set aside the settlement contract in this case without offering to restore to plaintiff the property surrendered as a condition to the execution of such contract. *261 This principle is supported by the decision oí the United States Supreme Court in the case of United States v. Corliss Steam-Engine Company, 91 U. S. 321. The demurrer must be sustained, and it is so ordered.
It is therefore the judgment of the court that plaintiff recover herein the sum of $614.55.
Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
Hat, Judge, absent.